Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
Susan Marr

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SUSAN MARR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>　　　　　Defendant. | **Case No:** 5:17-cv-2208<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>3. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Complaint for Damages

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Susan Marr, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of National Credit Systems, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

Complaint for Damages

5. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law, 15 U.S.C. §1692 et seq the FDCPA.

8. Jurisdiction of this Court also arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k) and 28 U.S.C. § 1367 for supplemental state claims.

9. Defendant regularly attempts to collect alleged debts against consumers in San Bernardino County by making repeated telephone calls to consumers, as Defendant did to Plaintiff, and thus, personal jurisdiction is established.

10. Defendant purposely avails itself of the privileges and laws of California by engaging in systematic and continuous unfair business practices in California, San Bernardino county, directing its business, collection practices, and other collection activities towards consumers residing in San Bernardino county.

11. Venue is proper in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided and continues to reside in the County of San Bernardino, State of California within this judicial district; (ii) the conduct complained of herein, consisting of Defendant's unlawful collection practices, occurred within this judicial district; and (iii) many of the acts giving rise to this action occurred in this district because Defendant, personal jurisdiction is established.

Complaint for Damages

## PARTIES

12. Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 et seq. and California Civil Code § 1788.2(h), Plaintiff resides in the City of Crestline, County of San Bernardino, State of California.

13. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. §1692a(3), and 15 U.S.C. § 1692c(d).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation registered in Georgia, with its principal place of business in Georgia.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant presents itself to the public as a debt collector, expressly stating that it "collects More Money and provides better service." *See* https://www.nationalcreditsystems.com (accessed on October 26, 2017).

17. Defendant expressly states that it is an "agency specifically focused on collecting debt for the apartment industry." *See* https://www.nationalcreditsystems.com/Company.aspx

18. Defendant is "licensed to collect debts throughout the U.S. and provide a full range of collection services" including "pre-collect programs," "standard collection services," "in-house garnishment," "pre-legal services," and "full legal services." *See* https://www.nationalcreditsystems.com/Company.aspx

19. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

20. Plaintiff is a retired law enforcement officer, living in California.

21. Starting from approximately January of 2017 or prior, Defendant began placing repeated calls from a number 519-350-9570 to Plaintiff's telephone number ending in "5683" in an attempt to collect on a debt.

22. This alleged obligation was for money, property, or the equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another and was therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Initially Defendant's representatives stated that it was collecting on a debt allegedly owed by Plaintiff's daughter, which, upon information and belief was not true.

24. While it is disputed that Plaintiff's daughter or Plaintiff herself owed this debt, this is not pertinent to the instant action.

25. Plaintiff immediately provided Defendant with her daughter's number asking Defendant to call Plaintiff directly.

26. Despite Plaintiff requesting that Defendant contacts her daughter directly, Defendant continued to place repeated calls to Plaintiff's telephone number ending in "5683" in order to elicit a payment from Plaintiff directly.

27. Plaintiff, while growing more and more frustrated of repeated telephone calls from Defendant, continuously and repeatedly verbally advised Defendant that she does not wish to receive any more calls, and that she is not financially obligated to pay this debt, and does not want to be contacted any further.

5

Complaint for Damages

28. Plaintiff's credit is high, and she does not owe any debts.
29. Every time Plaintiff's telephone rings from an unknown telephone number, Plaintiff becomes worried that something may have happened or it is an emergency and become worried for her children and grandchildren.
30. Despite Plaintiff's repeated, desperate, and frequently frustrating requests for Defendant to stop calling Plaintiff, Defendant continued to call in attempt to collect a debt that Plaintiff does not owe.
31. The harassing calls continued for months, where Plaintiff attempted to ignore a myriad of non-stop calls and messages.
32. Since the calls did not stop, sometime in May or June of 2017, Plaintiff called Defendant and spoke to two of the Defendant's representatives requesting that Defendant ceases its repeated collection attempts on a debt that Plaintiff does not owe, and discontinues its harassing calls Plaintiff's telephone number.
33. During this conversation, Defendant requested Plaintiff to provide her full name and social security, which she did.
34. Defendant's representatives then reviewed the account and stated that they were calling to collect on a debt owed by another woman (not Plaintiff's daughter), whose name is similar to Plaintiff, but the social security did not match.
35. Defendant's representative apologized for calling and stated that the calls were a mistake and expressly promised that the calls will stop.
36. Despite this conversation, the calls continued as if this conversation never took place.
37. On July 21, 2017, Plaintiff's telephone number rang again at 8:17 pm. Leaving another message in attempt to collect a debt Plaintiff does not owe.
38. Plaintiff, feeling frustrated, irritated, and mentally distressed, called Defendant back and informed the Defendant that she did not owe the debt and that she did not want to be called by Defendant again. Specifically Plaintiff said the following:

Complaint for Damages

> Please listen very carefully as I do not want to be transferred around. My name is Susan Marr and my phone number is [omitted for Plaintiff's privacy ending in "5683"]. I do not want to be contacted by your company any longer and have requested this many times. You are continually contacting me for a debt that is NOT mine and after continued calls and messages I feel harassed. "

39. On August 15, 2017, Plaintiff received another telephone call from Defendant.

40. Plaintiff returned the call to see who was calling her, and the representative on the telephone confirmed it was Defendant calling in attempt to collect a debt.

41. Defendant's unlawful conduct violated 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and Cal. Civ. Code § 1788.17 through incorporation of the federal statutes, because Defendant falsely misrepresented or implied that the debt was owed by Plaintiff, Plaintiff's daughter, continuously attempted to collect on the debt Plaintiff does not owe in hopes that Plaintiff will make a payment, continued to call Plaintiff's number when it was legally not allowed to call Plaintiff, and used deceptive means to collect on a debt not owed by Plaintiff.

42. Defendant's unauthorized, unsolicited, unwelcomed, and harassing calls to Plaintiff were in direct violation of the FDCPA, 15 U.S.C. § 1692c(a)(1) and Cal. Civ. Code § 1788.17 through incorporation, which prohibits any direct communication(s) with any third parties without prior consent of the debtors.

43. Defendant's harassing and misleading telephone calls to Plaintiff, is also in violation of the FDCPA, 15 U.S.C. § 1692e(10) and Cal. Civ. Code § 1788.17 through incorporation, which provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. Where Defendant made the debt collection telephone calls to Plaintiff, the natural consequence was harassment and oppression felt experienced by

Complaint for Damages

Plaintiff in violation of 15 U.S.C. § 1692d and 1692d(5) and Cal. Civ. Code § 1788.17 through incorporation.

45. Defendant's practices of collecting a debt from Plaintiff that she does not owe, continuously calling Plaintiff after she repeatedly requested Defendant to stop calling, notified Defendant that she does not owe <u>any debt,</u> provided Defendant with her number and social security to cease the calls, were in direct violation of 15 U.S.C. § 1692f, and 1692f(1).

46. By contacting Plaintiff, demanding payment for a debt she did not owe, Defendant used unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17 through incorporation.

47. As a result of Defendant's unlawful debt collection practices, Plaintiff suffered emotional distress and mental anguish because he felt frustrated, stressed, anxious, rattled, angry, embarrassed, and emotionally volatile.

**FIRST CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET. SEQ.**

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

Complaint for Damages

## SECOND CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting her after receiving she expressly requested not to call her and that she did not owe the alleged debt.

56. Defendant's conduct proximately caused injuries to Plaintiff.

57. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

58. Plaintiff believes and alleges that Defendant's conduct of making unauthorized telephone calls to Plaintiff constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**FIRST CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET. SEQ.**

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

- An award of actual damages in an amount to be proven at trial;

Complaint for Damages

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial;
- An award of punitive damages, in an amount to be adduced at trial, from Defendant; and
- Any and all other relief that the Court deems just and proper.

### TRIAL BY JURY

37.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: 10/26/17

By:  s/Yana A. Hart, Esq.
Yana A. Hart, Esq.
yana@westcoastlitigation.com
*Attorney for Plaintiff*

Additional Attorney for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

11

Complaint for Damages