**YU | MOHANDESI LLP**

**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
National Credit Systems, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARR, | Case No.: 5:17-CV-02208-GW-GJS |
| Plaintiff, | |
| v. | **DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| NATIONAL CREDIT SYSTEMS, INC., | |
| Defendant. | Honorable George W. Hu |

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

Defendant National Credit Systems, Inc. ("NCS"), through its undersigned counsel, files this Opposition to Plaintiff's Motion for Attorneys' Fees and Costs.

## I.   INTRODUCTION

Plaintiff's request for an award of attorney's fees and costs totaling $37,095.26 is excessive and unreasonable on its face and must be substantially reduced. Both the hours and the rates claimed by counsel to litigate this simple Fair Debt Collection Practices Act ("FDCPA") case are unreasonably excessive and should be substantially reduced.

As an initial matter, Plaintiff's time records reveal numerous time and cost entries pertaining to unnecessary, excessive, duplicative, and administrative tasks which are not compensable under any circumstance, regardless of who performed such tasks. Furthermore, the hourly rates sought by Plaintiff's counsel are also excessive for comparable work done by attorneys located within this district. Plaintiff's citation to outdated surveys and cases – many of which are distinguishable from the case at hand – are not evidence of the prevailing market rate for the Central District of California. Furthermore, Plaintiff has not demonstrated that her counsel has ever been paid $225-275 per hour, much less that Plaintiff agreed to pay such amount. Accordingly, the requested rates should be reduced.

## II.   APPLICABLE LAW

The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Camancho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Courts consider twelve factors in making adjustments to this "lodestar" calculation:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assurance Society*, 307 F.3d 997, 1007 n. 7 (9th Cir. 2001). A district court may adjust the lodestar to account for other factors which are not subsumed within it. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000). The party seeking an award of fees bears the burden of submitting evidence supporting the hours worked and rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "When faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure 'as a practical means of trimming the fat from a fee application.'" *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). Furthermore, a district court may reduce an attorney's hourly rate as well as reduce particular excessive hours based on an attorney's inefficiency, though it is required to give a concise but clear explanation for its decision to do so. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). See also *Gates* 987 F.2d at 1398 ("Although we do not require 'an elaborately reasoned, calculated, or worded order … a brief explanation of how the court arrived at its figures will do"). "Where the documentation of hours is inadequate, the district court may reduce the awards accordingly." *Hensley*, 461 U.S. at 433.

As such, simply taking "the product of reasonable hours times a reasonable rate does not end the inquiry." *Id*. at 434. To determine what is a reasonable lodestar amount, the court may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. Additionally, the court must determine a reasonable hourly rate by considering the experience, skill, and reputation of the attorney requesting fees." *Chambers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The district court has discretion to "exclude those hours for which it would be unreasonable to compensate the prevailing party." *Gonzales v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013).

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

III. **ARGUMENT**

A. **ATTORNEYS' FEES MUST BE REASONABLE PURSUANT TO THE FDCPA**

The FDCPA provides, "in a case of any successful action," a prevailing party may recover, "the costs of the action, together with a ***reasonable*** attorney's fee as determined by the court." 15 U.S.C. 1692k(a)(3)(emphasis added). But, "compensability is subject to several limitations…***Plaintiff's cannot over-litigate***." *Cody v. Hillard*, 304 F.3d 767 773 (8th Cir. 2002) (emphasis added). "Services that were redundant, inefficient, or simply unnecessary are not compensable." *Id.*

B. **THE NUMBER OF HOURS AND TOTAL FEES ARE NOT REASONABLE**

1. **Fees Attributable to Unnecessary, Excessive, and Duplicative Work are not Recoverable**

It was unreasonable for Plaintiff to use four attorneys to litigate a simple collections action. Multiple attorneys have worked on simple tasks, resulting in massive amounts of time wasted and duplicative billing entries. For example, Clark Conforti's Fees Report states that on November 20, 2018 he began drafting this motion for fees. On November 21, 2018 he "edited motion and researched reasonable fees." On November 25, 2018, he "[d]id more research on reasonable fees in Central District and made more edits to motion and declarations." Finally, on November 26, 2018, he "[d]rafted motion for fees and researched reasonable hours/fees." He then "researched case law in district for motion on prevailing rate and lodestar…" He expended a total of 14 hours drafting this motion for attorney's fees. Exhibit 6 at 1. This alone should be unreasonable, especially in light of the fact that *drafting this motion for fees took up almost half of the 28.5 hours Mr. Conforti spent working on this case in total*. Despite Mr. Conforti's excessive time spent on this motion, Ms. Yana A. Laboda (Yana Hart)'s Fees Report states that on December 2, 2018, she "researched case law re reasonable attorney's rates, similar cases" and "revised motion throughout." She expended a total of 5.60 hours on this motion. Exhibit 3 at 11. There is no reason why both attorneys Mr. Conforti and Ms. Hart should have

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

independently spent vast amounts of time on researching reasonable attorney's fees and prevailing rates when, in the end, they collaborated and submitted a single motion for fees. For them to spend almost 20 hours on this in the aggregate is unreasonable.

Plaintiff's attorneys have repeatedly attributed increments of 0.20 hours to simple tasks which should take no more than a few minutes. Mr. Kupfer, for example, noted on numerous occasions that 0.20 hours were spent on forwarding an e-mail or a document.  There is no reason why, after spending 1.20 hours finishing a proposed stipulation to extend the discovery deadline, Mr. Kupfer should spend twelve minutes e-mailing the stipulation and order to opposing counsel.[1] *See* Exhibit 3 at 4. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) (finding that counsel's hours were excessive and inflated because "counsel billed a minimum of 15 minutes for numerous calls and e-mails that likely took a fraction of the time"). Mr. Kupfer also billed 0.20 hours on June 4, 2018 with the description "Received protective order from Katrina. Needs to be reviewed." He then billed 0.40 hours on June 12, 2018 with the description "Reviewed protective order." *See* Exhibit 3 at 3. There is no reason for Mr. Kupfer to spend 12 minutes "receiving" an order if he is not reviewing it until a week later.  Ms. Hart's billing record also shows that 0.20 hours were billed with the description, "[n]o notice of depo was served via email; her email shows she is planning to serve the notice on August 20th." *See* Exhibit 3 at 8. This entry contains no information about any work done by Ms. Hart.  Rather, it is a synopsis of what *Defendant's* counsel has done and will do. These examples evidence a broad pattern of inflating hours and duplicative billing for repetitive tasks. As such, the Court should reduce the hours claimed by Plaintiff's counsel to account for their inflated time entries. See *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing).

---

[1] See *Edwards v. National Business Factors, Inc.*, 897 F. Supp. 458, 461 (D. Nev. 1995) (reducing quarter-hour time entries because some tasks, like reviewing a one-page order from the judge, appear excessive);

YIU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Furthermore, several time entry descriptions suggest that Plaintiff's attorneys added erroneous billing entries, making it impossible to discern which ones are accurate and which ones are not. For example, Ms. Hart's November 27, 2018 time entry reads, "Discussed motion for fees with YAL." These are her own initials. Exhibit 3 at 11. Furthermore, Mr. Kupfer's noted two 0.2 hour entries on July 10, 2018, but one of them is left entirely blank. Exhibit 3 at 4.

## 2.   THE HOURLY RATES SOUGHT BY COUNSEL ARE NOT REASONABLE

The party seeking attorney fees must produce satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience and reputation." *Camacho*, 523 F.3d at 980. A reasonable hourly rate must be based on "customary fees in cases of like difficulty." *Semar v. Platte Valley Fed. Sav. & Loan Ass'ni,* 791 F.2d 699, 706 (9th Cir. 1986). In support of its hourly rates, Plaintiff's counsel has submitted affidavits from Plaintiff's attorneys and an Attorney Fee Survey Report from 2015-2016 ("Survey"). *See* Exhibit 5. This evidence is insufficient to establish that the hourly rates sought by Plaintiff's counsel are reasonable.

### a.   Plaintiff's counsel has failed to produce satisfactory evidence that its rates are in line with the prevailing market rate.

The Survey is an outdated measure of the prevailing market rate. A district court cannot rely on cases decided years before the attorneys actually rendered their services in determining the prevailing market rate. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003) (holding that it was an abuse of discretion to apply market rates in effect more than two years before the work was performed). The Survey that establishes average consumer law attorneys' rates from 2015 through 2016. As Plaintiff's action was filed on October 27, 2017 and the Kazerouni Law

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 5 –

Group, APC did not become involved in this case until March 2018, the Survey reflects rates from two years before Plaintiff's attorneys actually rendered their services and is therefore inadequate.

Furthermore, the Survey gives no indication of the prevailing market rate for "similar work," as it does not distinguish between various types of consumer law cases. One of the factors to be considered in determining attorney fees is the "novelty and difficulty of the questions involved." *See Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016). A simple and straightforward case like this one cannot be compared to other more complex types of consumer law disputes. See *Johnson v. Credit Int'l, Inc*., 257 F. App'x 8, 10 (9th Cir. 2007) (because case was not complex, the district court's "determination that both the claimed time expended and the claimed hourly rates were excessive did not amount to an abuse of discretion"). Because the Survey places all "consumer law" cases in one category, it necessarily encompasses cases of varying levels of complexity. There was nothing particularly novel, difficult, or complex about this case. It was a factual dispute regarding the identity of a debtor. It involved neither statutory interpretation nor an argument for expansion of the law. As such, the customary rate for a case like this has not been sufficiently established.

> **b.  Plaintiff's counsel has failed to produce satisfactory evidence that its rates are reasonable in light of the work it has performed in this matter.**

Even if the Survey were to conclusively establish the prevailing market rate in the Central District of California, the self-serving affidavits presented by Plaintiff's counsel fail to assert that any of these attorneys have ever been paid the $225-275 hourly rate by any client, or any court, for work comparable to that which was provided by counsel in this routine debt collection matter. Plaintiff's counsel have, likewise, failed to offer any verifiable evidence that this case precluded the firm from taking other work.

DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Plaintiff's attorneys mere utilization of a contingency fee structure does not demonstrate that they have incurred any additional risk. Contingency cannot be used to justify a fee enhancement, *Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 318 (9th Cir. 1993), or an inflated hourly rate, *Davis v. City and County of San Francisco*, 978 F.2d 1536, 1549 (9th Cir. 1992). Furthermore, Plaintiff's counsel failed to present any evidence that they have ever been paid on a non-contingency basis for similar work, let alone that they have been paid such an exorbitant sum for similar work. They have failed to even produce a fee agreement for the instant case. As Plaintiff's attorneys claim to be experienced in FDCPA litigation, there is no hardship at all associated with litigating this case.

## IV.   <u>CONCLUSION AND REQUESTED RELIEF</u>

For all of the foregoing reasons, the Court should reduce the Plaintiff's requested award for attorneys' fees and costs as follows:

| | |
|---|---|
| Plaintiff's Lodestar | $34,525.50 |
| Minus Unnecessary/Excessive/Duplicative Time | $6,545 |
| Subtotal | $27,980.50 |

DATED:  December 13, 2018           YU MOHANDESI LLP

By /s/ Brett B. Goodman
Brett B. Goodman
Attorneys for Defendant
National Credit Systems, Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1

**CERTIFICATE OF SERVICE**

2          I certify that on December 13, 2018, a copy of the foregoing was filed and

3   served electronically in the ECF system.  Notice of this filing will be sent to the

4   parties of record by operation of the Court's electronic filing system as described

5   below.  Parties may access this filing through the Court's system.

6

7   DATED:  December 13, 2018          YU MOHANDESI LLP

8
                                       By /s/ Brett B. Goodman
9                                         Brett B. Goodman
                                          Attorneys for Defendant
10                                        National Credit Systems, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071