JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-2208-GW(GJSx) | Date | January 9, 2019 |
| Title | Susan Marr v. National Credit Systems, Inc. | Page | 1 of 1 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS - RULING ON MOTION FOR ATTORNEYS' FEES AND COSTS**

    Susan Marr ("Plaintiff") has moved for an award of attorneys' fees (in the amount of $34,525.50) and costs (in the amount of $2,569.76) in this action she brought against National Credit Systems, Inc. ("Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and negligence.  Defendant does not contest Plaintiff's right, as the prevailing party (the parties settled the case, *see* Docket Nos. 40-42), to fees and costs under the FDCPA and RFDCPA.[1]  Instead, it simply argues that Plaintiff over-lawyered the case such that the amount of attorneys' fees Plaintiff has requested is inflated.[2]  In her Reply, Plaintiff disagrees with Defendant's contention, but – for the sake of saving further effort and expense – agrees to the amount Defendant itself believes Plaintiff should be limited to:  namely $27,980.50 in attorneys' fees.

    In light of the parties' agreement both as to Plaintiff's right to recover fees and costs and, in the end, to the amount of $27,980.50 in attorneys' fees (which this Court also finds reasonable in this case, given the work performed in light of the rapidly-approaching trial date at the time of settlement), the Court awards that amount in fees to Plaintiff, along with $2,569.76 in costs.[3]  Consequently, the Court also vacates the oral argument previously scheduled on this motion for January 14, 2019, finding that such further argument is unnecessary.  *See* C.D. Cal. L.R. 7-15.

---

    [1] The FDCPA provides for an award of costs and "a reasonable attorney's fee" "in the case of any successful action."  15 U.S.C. § 1692k(a)(3).  Similarly, the RFDCPA mandates a costs award to a "prevailing party" and provides that "[r]easonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor."  Cal. Civ. Code § 1788.30(c).

    [2] Defendant offers no reason for opposition to Plaintiff's request for costs.

    [3] A sufficient meet-and-confer effort from the parties would have ordinarily reached this conclusion without even the need for a motion on the topic.

| | | |
|---|---|---|
| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk JG |